UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDGAR R. ROBERTSON,

    Plaintiff,

    v.                                              Case No. 23-CV-1459-SCD

MARTIN J. O'MALLEY,
  *Commissioner of the Social Security Administration*,

    Defendant.

## ORDER DISMISSING AMENDED COMPLAINT
## WITH LEAVE TO AMEND

    Proceeding without the assistance of counsel, Edgar Robertson initiated this action on November 1, 2023. ECF No. 1. He sought review of his claim for disability insurance benefits, otherwise known as SSDI. Robertson utilized a standard complaint form available to litigants seeking review of final decisions of the Social Security Administration. On January 2, 2024, the Commissioner of the Social Security Administration filed a motion to dismiss Robertson's lawsuit for failure to exhaust his administrative remedies. ECF No. 9. According to the Commissioner, Robertson had not received a "final decision" because his claim was still pending with the Appeals Council.[1] ECF No. 10 at 1–3. I granted Robertson four extensions of time to respond to the Commissioner's motion. *See* ECF Nos. 12, 15, 17, 19. In his fourth request, Robertson indicated that he would be amending his complaint to provide more clarity and that opposing counsel did not object to this course of action. *See* ECF No. 18. On May 30,

---

[1] The Commissioner referenced a declaration from an employee in the Social Security Administration's Office of Appellate Operations, but no declaration appears on the record.

2024, Robertson filed a handwritten, twenty-page "Amended Complaint." ECF No. 21. The Commissioner filed a response, simply indicating that his motion to dismiss should be granted for the reasons set forth in the original brief. *See* ECF No. 22. I conclude that Robertson has failed to state a claim upon which relief may be granted. Accordingly, I will dismiss the amended complaint but afford him leave to file a second amended complaint if he so chooses.

I. The Amended Complaint

The amended complaint brings more questions than clarity. Robertson methodically claims to meet each of the three requirements for an exception to the exhaustion requirement that the Commissioner covered in his briefing. *See* ECF No. 21 at 2–20. For this reason, it seems that Robertson might have meant for his original complaint to survive and for his "Amended Complaint" to serve as response briefing in opposition to the Commissioner's motion to dismiss. But an amended complaint replaces the original complaint. Furthermore, Robertson claims that the amended complaint is a "collateral action related to but separate from" his claim for SSDI benefits. *Id.* at 2. In addition to the Commissioner, he names the Secretary of Veterans Affairs and Acting Director of Personnel Management Office as defendants. *Id.* at 1. Robertson claims that these three defendants violated his Fifth Amendment due process rights by fraudulently withholding evidence, altering medical documents, and placing incorrect and false statements in his medical file. *Id.* at 1–2. Robertson writes "in conclusion" that he

> feels the above mention[ed] defendants unlawfully withheld and unreasonably delay[ed] material evidence. [T]hey should be held accountable and the district court should set aside agency action[.] The plaintiff cannot be properly adjudicate[d] base[d] on the evidence now before the courts. They should find the decision before the Appeals Council is based on action that [was] arbitrary, capricious, an abuse of discretion, [and] not otherwise in accordance with law. Based on 5 U.S. Code and statute 706(E) the courts should find the ALJ decision is unsupported by substantial evidence 706(F) unwarranted by the

2

facts to the extent that the fact[s] are subject to trial de novo by the reviewing court. In making the forgoing determination, the court should review the whole record or those part of discussed by the plaintiff, and due account should be take[n] of rule of the prejudicial error by the ALJ.

*Id.* at 18–20.

## II. Applicable Legal Standards

"Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Section 405(g) specifies that judicial review may occur "*after* any final decision of the Commissioner of Social Security." (emphasis added). Furthermore, section 405(h) provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.

In other words, the only avenue to judicial review of a claim for disability insurance benefits is through section 405(g), and section 405(g) requires that an applicant exhaust his or her remedies with the Social Security Administration prior to seeking judicial review.

The administrative exhaustion requirement may be excused in certain rare circumstances. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773–74, (2019). To justify excusing the exhaustion requirement, the claim must be "collateral to any claim for benefits" and the moving party must demonstrate that "the harm imposed by exhaustion would be irreparable." *Bowen v. City of New York*, 476 U.S. 467, 476 (1986). The Seventh Circuit has also required a third criterion—that exhaustion would be futile—for waiver of the administrative exhaustion requirement. *See Martin v. Shalala*, 63 F.3d 497, 504 (7th Cir. 1995).

3

Finally, the Fifth Amendment to the U.S. Constitution promises that no person shall "be deprived of life, liberty, or property, without due process of law." "To establish an actionable procedural due process violation, a plaintiff must first allege the deprivation by state action of 'a liberty or property interest created either by state law or the Due Process Clause itself.'" *Hold Fast Tattoo, LLC v. City of N. Chi.*, 580 F. Supp. 2d 656, 662 (N.D. Ill. 2008) (citation omitted). "If the first requirement is met, the court will then consider whether "the deprivation took place without the process that was due." *Id.* (quoting *Wilson v. Formigoni*, 42 F.3d 1060, 1065 (7th Cir.1994)).

**III. Analysis**

In the amended complaint, Robertson asserts a Fifth Amendment due process violation but requests that I review the ALJ decision on his SSDI claim for lack of substantial evidentiary support. ECF No. 21 at 18–20. The requested remedy is inappropriate for a Fifth Amendment violation because, as explained above, 42 U.S.C. § 405(g) is the exclusive statutory basis for judicial review of decisions by the Commissioner. *See* 42 U.S.C. § 405(h). Furthermore, a due process violation can only exist if a deprivation has occurred. See *Hold Fast Tattoo,* 580 F. Supp. 2d at 662. Robertson acknowledges that his SSDI claim is still pending before the Appeals Council, so the agency has not yet deprived him of benefits (to the extent he is entitled to any).

Ultimately, Robertson purports to be making a separate, collateral claim from his claim for SSDI benefits but asks only for relief related to those benefits (requesting that I overturn the agency action). ECF No. 21 at 2, 18–20. Given this conundrum, the amended complaint fails to properly state a claim for relief. The Seventh Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the

4

complaint in such instances. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Therefore, Robertson may file an amended complaint by **August 12, 2024**.

Robertson is advised that if he files an amended complaint, it will replace the prior complaints and must be complete in itself without reference to the prior complaints. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021). If a second amended complaint is not received, the court will dismiss the action based on Robertson's failure to state a claim in the first amended complaint. The court will enclose both a social security complaint form and an amended complaint form along with this decision. Robertson must use one of the two forms. If he is seeking judicial review of a decision by the Commissioner, then Robertson should use the social security complaint form. If Robertson wishes to pursue a different claim against the Commissioner, he should use the general amended complaint form. In the amended complaint, Robertson must provide a short, plain statement identifying his claim, why he is entitled to relief, and the relief he seeks.

## CONCLUSION

For all the foregoing reasons, I find that the requirements of 28 U.S.C. § 1915(e)(2)(B)(ii) are not satisfied. Accordingly, the court hereby **DISMISSES** the amended complaint, ECF No. 21. Robertson may have until **August 15, 2024**, to file an amended complaint that cures the defects explained above.

**SO ORDERED** this 29th day of July, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge