UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**EDGAR R. ROBERTSON,**

    **Plaintiff,**

    v.                                                     Case No. 23-CV-1459-SCD

**MICHELLE KING,**
   *Acting Commissioner of the Social Security Administration*,

**DOUGLAS A. COLLINS,**
   *Secretary of Veterans Affairs*,

**CHARLES EZELL,**
   *Acting Director of Personnel Management*,

    **Defendants.**[1]

---

## DECISION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

---

Proceeding without the assistance of counsel, Edgar Robertson initiated this action on November 1, 2023. ECF No. 1. At that time, he named only the Commissioner of the Social Security Administration (SSA) as a defendant and sought review of his claim for disability insurance benefits, otherwise known as SSDI. The Commissioner filed a motion to dismiss Robertson's lawsuit for failure to exhaust his administrative remedies. ECF No. 9. According to the Commissioner, Robertson had not received a "final decision" because his claim was still pending with the Appeals Council. ECF No. 10 at 1–3. After I granted Robertson several

---

[1] In January 2025, Michelle King and Charles Ezell became the acting appointees for the Social Security Administration and Office of Personnel Management, respectively. Douglas A. Collins was sworn in as Secretary of Veterans Affairs on February 5, 2025. Accordingly, the clerk of court shall substitute these individuals as the named defendants in this action. *See* Fed. R. Civ. P. 25(d).

extensions of time to respond to the Commissioner, *see* ECF Nos. 12, 15, 17, Robertson indicated that he would be amending his complaint to provide more clarity and that opposing counsel did not object to this course of action. *See* ECF Nos. 18, 19. Thereafter, Robertson filed an amended complaint that purported to: (1) add his minor son as a plaintiff, (2) name two additional defendants (the Secretary of Veterans Affairs (VA) and Acting Director of the Office of Personnel Management (OPM)), and (3) pursue a collateral claim instead of his claim for SSDI benefits. *See* ECF No. 21. I dismissed the amended complaint for failure to state a claim but offered Robertson leave to amend it. ECF No. 28.

On August 15, 2024, Robertson filed a second amended complaint (again naming his minor son as a plaintiff) against the Commissioner of the SSA, Secretary of the VA, and Acting Director of the OPM. ECF No. 30. The Commissioner filed a motion to dismiss on October 1, 2024. ECF No. 31. The Secretary of the VA and Acting Director of the OPM filed a joint motion to dismiss on October 15, 2024. ECF No. 33. Robertson filed his opposition briefing on December 6, 2024, but reported that he did not receive a copy of the brief in support of the second motion to dismiss. *See* ECF Nos. 40, 42, 44. After the clerk's office forwarded a copy of the brief in question, Robertson filed a brief in opposition on January 15, 2025. ECF No. 48. The defendants have not timely filed any briefs in reply but are not obligated to do so. *See* E.D. Wis. Civ. L. R. 7(c). All parties have consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2, 3, 47.

## BACKGROUND

In the current (second amended) complaint, Robertson asserts that he is bringing this action under 42 U.S.C. § 1983 because the defendants violated his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. ECF No. 30 at 2–3.

Robertson names E.R., Jr. as an additional plaintiff in the caption but does not otherwise explain who this individual is or his relationship to the action. *Id.* at 1. I infer that E.R., Jr. is the minor son who Robertson mentioned in the first amended complaint.[2] *See* ECF No. 21 at 9–10 (claiming that his son would be impacted by the continued denial of benefits).

Robertson claims that the Commissioner failed to ensure that SSA employees followed appropriate rules and regulation while processing Robertson's application for SSDI benefits. ECF No. 30 at 3. Robertson alleges that SSA employees did not properly enter his information during the application or develop his medical history, which has made it impossible for a reviewing court to make a fair and informed decision. *Id.*

Robertson further argues that the Secretary of the VA failed to ensure the employees under his supervision protected Robertson's personnel and patient records, in violation of HIPPA laws. *Id.* at 3–4. Robertson states that he will declare under oath that information in his medical files has been altered and cannot be relied upon for the adjudication of his claims. *Id.* at 4.

Finally, Robertson contends that the Acting Director of the OPM failed to ensure his employees followed established regulations when it comes to maintaining Robertson's personnel records. *Id.* Robertson also alleges that OPM employees failed to timely respond to his request under the Freedom of Information Act (FOIA). *Id.*

Robertson asserts that the forgoing actions by these three agency heads violated his due process rights and constitute a collateral claim to his action for SSDI benefits currently pending before the Appeals Council. *Id.* In terms of relief, Robertson requests a stay of any

---

[2] The record does not reflect that Robertson has established any authority to act on behalf of E.R., Jr., nor that any other person has officially joined this action as a plaintiff. Regardless, the outcome of this action remains the same.

Appeals Council action on his pending claim for SSDI benefits and a de novo hearing to allow the court to review the record. *Id.* at 5. Robertson also requests that I stay the statute of limitations on the filing requirements for a federal tort claim. *Id.*

## MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, "a complaint must 'contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint satisfies this pleading standard when its "'factual allegations . . . raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To analyze the sufficiency of a complaint [courts] must construe it in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014) (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

## DISCUSSION

"Section 1983 of Title 42 authorizes a federal cause of action against any person who, acting under color of state law, deprives another of rights secured by federal law or the United States Constitution." *Wollin v. Gondert*, 192 F.3d 616, 621 (7th Cir. 1999). Here, Robertson claims that all three defendants violated his due process rights under the U.S. Constitution.

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167

4

(2002). The Supreme Court has interpreted "due process of law" to fundamentally mean "that individuals whose property interests are at stake are entitled to 'notice and an opportunity to be heard.'" *Id.* (quoting *United States v. James Daniel Good Real Property*, 510 U.S. 43, 48 (1993)). Accordingly, "[t]o state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008).

I.  *Acting Commissioner of the Social Security Administration*

Robertson alleges that the Commissioner deprived him of social security benefits, which satisfies the first element of a procedural due process claim. *See Jones v. Bowen*, 692 F. Supp. 887, 892 (N.D. Ill. 1988) ("Procedural due process applies to determinations concerning initial eligibility for social security benefits.") (citing *Wright v. Califano*, 587 F.2d 345, 351 (7th Cir. 1978); *Meyer v. Niles Township*, 477 F. Supp. 357, 362 (N.D. Ill. 1979)). However, Robertson has not identified any insufficient procedural protection with respect to the SSA's determination of his eligibility for benefits. *See* ECF No. 30. In fact, Robertson acknowledges that his claim for benefits is presently pending with the Appeals Council. *Id.* at 3–5. This means that Robertson's claim is progressing through the normal channels within the SSA. Robertson has not alleged that the SSA has declined him an opportunity to be heard with respect to his claim for benefits, nor that he has even advised the SSA of his belief that his records are inaccurate. *See id.* Robertson claims that, if I hold an evidentiary hearing, he will testify that his personnel and medical records have been altered and cannot be relied upon to adjudicate his claim for SSDI benefits. ECF No. 30 at 4.

Clearly, Robertson is challenging the reliability of these records in relation to his pending application for social security benefits. *See id.* at 5 (requesting that I stay the Appeals

5

Council action and hold a de novo evidentiary hearing). But, as I have previously explained, I am unable to hear new evidence (i.e. testimony) in that regard. Under 42 U.S.C. § 405(g), I can affirm, modify, or reverse a **final** decision of the Commissioner "upon the pleadings and transcript of the record." Regardless of any potential unreliability, I do not have authority to intervene in a pending application for social security benefits. *See* 42 U.S.C. § 405(g). Robertson is directly challenging the adjudication of his claim for SSDI benefits and has not identified a collateral claim. Because Robertson has failed to exhaust his SSDI claim with the agency, Robertson has failed to state a claim for relief with respect to the Acting Commissioner.

II.     *Secretary of Veterans Affairs and Acting Director of Personnel Management*

The remaining two defendants (the Secretary of the VA and Acting Director of the OPM) argue that Robertson: (1) failed to satisfy federal pleading standards, (2) failed to exhaust his administrative remedies, and (3) failed to serve them. ECF No. 39 at 5–7.

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that, while Rule 8 does not require "detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Although *Twombly* was an antitrust case, the Court later ruled in *Ashcroft v. Iqbal* that these pleading standards apply to all litigation. 556 U.S. at 678, 684 (finding that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

6

The Seventh Circuit has "interpreted *Twombly* and *Iqbal* to require the plaintiff to provide some specific facts to support the legal claims asserted in the complaint." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (cleaned up) (citation omitted). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). "A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected." *Swanson*, 614 F.3d at 405.

Robertson clearly falls short of these well-established federal pleading standards. He lodges a vague allegation of misconduct at two entire agencies, with zero indication of who may be involved from those agencies, what records were involved, when the records may have been made or altered, why the agencies have any records related to him, or how he knows that the records have been compromised. *See generally* ECF No. 30. Robertson does not describe the nature of the alleged alterations or explain their relationship to his social security application. Even if Robertson connected the records to his social security application, I already explained that I cannot grant the relief he requests—interference in a pending application for social security benefits. Similarly, Robertson claims that the OPM failed to respond to his FOIA request but offers no factual support whatsoever, such as when he filed the request.[3] For these reasons, I find Robertson has failed to state a claim against the Secretary of the VA or the Acting Director of the OPM.

---

[3] "FOIA allows immediate recourse to the courts after an agency doesn't make a timely response." *Evans v. U.S. Dep't of Interior*, 135 F. Supp. 3d 799, 820 (N.D. Ind. 2015) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 64 (D.C. Cir. 1990)). However, the reach of that recourse is limited to the agencies, such "that a FOIA cause of action does not exist against an individual, whether named in an official capacity or not." *Indiana v. Biden*, 652 F. Supp. 3d 995, 1004–05 (S.D. Ind. 2023) (citations omitted). Therefore, even if Robertson provided further

Moreover, Robertson does not clearly allege that he has confronted the OPM regarding the alleged misconduct. In fact, the defendants argue that Robertson failed to exhaust his administrative remedies because he did not present the claim to the OPM prior to filing this complaint. ECF No. 39 at 6–7; *see also* ECF No. 39-1 (acknowledging that Robertson filed an administrative tort claim with the VA in December 2023). Federal law requires a claimant to present a federal agency with written notice of a tort claim and wait to file a lawsuit until either (1) the agency "finally" denies the claim or (2) six months have passed. *See* 28 U.S.C. § 2675(a). Robertson claims that he filed an administrative tort claim "during these proceeding[s]" and that the claim was deemed denied after six months passed, so he moved forward with filing a complaint in this district. *See* ECF No. 48 at 14 (citing case number 24-CV-1618, in which Robertson has filed another federal complaint against the Secretary of Veterans Affairs containing similar allegations and attaching a Form 95 claim addressed to the VA and dated 12/08/2023). Robertson appears to conflate the two agencies and does not argue that he presented an administrative claim to the OPM. Therefore, I find that Robertson failed to administratively present a due process claim to the OPM.

Finally, the Secretary of the VA and the Acting Director of the OPM argue that Robertson never properly served them with the summons and complaint, as required by Rule 4 of the Federal Rules of Civil Procedure. *See* ECF No. 39 at 7. Robertson claims that he served these defendants by mailing a copy of the complaint to their listed agency addresses and that an authorized individual signed receipts. ECF No. 48 at 17. Robertson provided copies of postal receipts for said mail, but only the form addressed to the OPM has a receipt

---

detail about the alleged FOIA non-response, such a claim must be dismissed against the named defendants, who are all individuals.

signature (not the VA). *See id.* at 19–20. In any event, a summons must also be served with a copy of the complaint in order to constitute proper service. *See* Fed. R. Civ. P. 4(c). The record does not reflect that Robertson ever requested that the clerk's office issue him a summons in this case. The filing of a motion to dismiss does not waive a defendant's argument regarding failure to serve. *See* Fed. R. Civ. P. 12(b)(5) (identifying insufficient service of process as a potential defense). Therefore, even if Robertson's claim did not otherwise warrant dismissal, it would be within my discretion to dismiss this action or order that service be completed within a specified time. *See* Fed. R. Civ. P. 4(m).

\* \* \*

In sum, Robertson has failed to state a claim for relief with respect to any of the three defendants. Moreover, I cannot grant either of the two types of relief he requests. *See* ECF No. 30 at 5. First, I cannot intervene in his pending application for social security benefits. Once Robertson obtains a **final** decision from the Social Security Administration, he may pursue the familiar channels for judicial review if that decision is unfavorable. *See Robertson v. Comm'r*, No. 18-CV-00509-PP (E.D. Wis. Oct. 8, 2020) (adjudicating Robertson's prior request for judicial review after the SSA denied his application for benefits). Second, I cannot grant Robertson a stay of the statute of limitations for filing a claim under the Federal Tort Claims Act. Federal law explicitly requires that a civil action against the United States be commenced within six years after the right of action first accrues. 28 U.S.C. § 2401. Although that timeline may be tolled in some circumstances, Robertson has not provided any information about when his claim may have accrued, much less whether good cause exists for tolling the limitations period. *See* ECF No. 30, 48. Because Robertson may still be able to exhaust his administrative remedies and state a claim, I will dismiss this action without prejudice.

## CONCLUSION

For all the foregoing reasons, the court hereby **GRANTS** the defendants' motions to dismiss this action, ECF Nos. 31, 33. The complaint and this action are **DISMISSED without prejudice**. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 14th day of February, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge